AO 91 (REV. 5/85) Criminal Complaint          AUSA Branka Cimesa (312) 353-6630

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 1:25-cr-00257 |
|---|---|
| v. | |
| JESUS MUNDO-SALGADO | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, state that the following is true to the best of my knowledge and belief. On or about September 27, 2024, at Morton Grove, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4) | Being an alien who previously had been deported and removed from the United States on or about February 4, 2005, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States; |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

RENEE D FALS
Digitally signed by RENEE D FALS
Date: 2025.05.12 11:45:18 -05'00'

RENEE FALS
Deportation Officer,
U.S. Immigration and Customs Enforcement

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above- named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: May 12, 2025

*Judge's signature*

City and state: Chicago, Illinois          Jeffrey T. Gilbert, U.S. Magistrate Judge
*Printed name and title*

FILED
5/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT )
)
NORTHERN DISTRICT OF ILLINOIS )

## AFFIDAVIT

I, RENEE FALS, being duly sworn, state as follows:

1. I am a Deportation Officer with United States of Immigration and Customs Enforcement and have been so employed for 18 years. I am a member of an investigative unit within Immigration and Customs Enforcement ("ICE") that specializes in the apprehension of criminal aliens. I work in conjunction with other law enforcement agencies in reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that JESUS MUNDO-SALGADO has violated Title 8 United States Code, § 1326(a) and Title 6, United States Code, § 202(4). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging MUNDO-SALGADO with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that MUNDO-SALGADO committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other persons identified in

this affidavit; and my review of records maintained by ICE, other components of the Department of Homeland Security ("DHS") and other government agencies.

4. According to DHS records, MUNDO-SALGADO is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that MUNDO-SALGADO was born in Mexico in 1976.

5. Records maintained by the Lake County Circuit Court in Illinois reflect that on or about September 6, 2002, MUNDO-SALGADO was convicted of Aggravated Discharge of a Firearm, a felony, and sentenced to 8 years imprisonment.

6. Records maintained by DHS reflect that on January 28, 2005, MUNDO-SALGADO was released from the Illinois Department of Corrections and placed into ICE custody pursuant to an ICE detainer.

7. DHS records reflect that on or about February 4, 2005, defendant was deported from the United States to Mexico at El Paso, Texas by a designated immigration official. Additionally, DHS records reflect that defendant has not applied for or received permission to reenter the United States.

8. On or about September 27, 2024, ICE officers became aware of MUNDO-SALGADO's presence in the Eastern District of Illinois following an arrest by the Morton Grove Police Department for driving under the influence.

9. On or about May 8, 2025, Drug Enforcement Agents (DEA), who were assisting ICE, placed MUNDO-SALGADO in administrative custody in Des Plaines, Illinois.

10. MUNDO-SALGADO was subsequently transported to the ICE Enforcement and Removal Operations Office in Broadview, Illinois, where he was processed and fingerprinted.

11. A fingerprint comparison conducted by the Homeland Security Investigations Forensic Laboratory on or about May 9, 2025 established that defendant MUNDO-SALGADO is the same person who was deported from the United States to Mexico on or about February 4, 2005.

12. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about September 27, 2024, at Morton Grove, Illinois, in the Northern District of Illinois, Eastern Division, MUNDO-SALGADO, being an alien who previously had been deported and removed from the United States on or about February 4, 2005, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States, in violation of Title 8, United States Code, Section 1326(a), and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

RENEE D FALS
Digitally signed by RENEE D FALS
Date: 2025.05.12 11:45:56 -05'00'

RENEE FALS
Deportation Officer,
Immigration and Customs Enforcement

SWORN TO AND AFFIRMED by telephone May 12, 2025.

Honorable Jeffrey T. Gilbert
United States Magistrate Judge

4